IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PREGIS INNOVATIVE PACKAGING INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 13-1084-LPS |
| | ) | |
| SEALED AIR CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER, DEFENSES, AND COUNTERCLAIMS TO AMENDED COMPLAINT

### ANSWER

Sealed Air Corporation (US), sued herein as Defendant Sealed Air Corporation ("Sealed Air"), hereby answers the Amended Complaint filed on July 31, 2013 ("Amended Complaint") by Plaintiff Pregis Innovative Packaging Inc. ("Pregis"), responding to the separately enumerated paragraphs of the Amended Complaint as follows:

### Parties and Jurisdiction

1.     Sealed Air is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Amended Complaint.  Therefore, Sealed Air denies the allegations contained in Paragraph 1 of the Amended Complaint.

2.     Sealed Air admits the allegations contained in Paragraph 2 of the Amended Complaint.

3.     Sealed Air admits that the Amended Complaint purports to state a cause of action for patent infringement arising under the Patent Act, 35 U.S.C. §§ 1 et seq., but denies that there has been any such infringement by Sealed Air.  Sealed Air admits that subject matter jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.      Sealed Air admits that U.S. Patent No. 6,607,803 B2 ("the '803 patent"), U.S. Reissue Patent No. RE38,745 E ("the RE '745 patent"), and U.S. Patent No. 7,047,705 B2 ("the '705 patent") are all entitled "Laminate Film-Foam Flooring Composition." Sealed Air admits that the '803 patent bears an issue date of August 19, 2003, that the RE '745 patent bears an issue date of June 21, 2005, and that the '705 patent bears an issue date of May 23, 2006. Sealed Air admits that Exhibits 1, 2, and 3 of the Amended Complaint purport to be copies of the '803, RE '745, and '705 patents, respectively. Sealed Air is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4 of the Amended Complaint and therefore denies those allegations.

5.      Sealed Air is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Amended Complaint. Therefore, Sealed Air denies the allegations contained in Paragraph 5 of the Amended Complaint.

**Asserted First Claim for Relief**
**Alleged Infringement of the '803 Patent**

6.      Sealed Air admits offering for sale or selling the laminate film-foam underlayment product depicted in Exhibit 4 of the Amended Complaint ("Sealed Air Product"), but denies that there has been infringement of the '803 patent and otherwise denies the remaining allegations contained in Paragraph 6 of the Amended Complaint.

7.      Sealed Air denies the allegations contained in Paragraph 7 of the Amended Complaint.

8.      Sealed Air denies the allegations contained in Paragraph 8 of the Amended Complaint.

9.      Sealed Air admits that it had actual knowledge of the existence of the '803 patent as of September 10, 2003, and admits offering and selling underlayment products with

2

knowledge of the '803 patent as of that date. Sealed Air denies that there has been any infringement of the '803 patent and otherwise denies the remaining allegations contained in Paragraph 9 of the Amended Complaint.

10.     Sealed Air denies the allegations contained in Paragraph 10 of the Amended Complaint.

11.     Sealed Air denies the allegations contained in Paragraph 11 of the Amended Complaint.

12.     Sealed Air admits that there exists a letter dated September 10, 2003, from Pregis's predecessor-in-interest. Sealed Air also admits that there exists a letter dated May 2, 2013, from outside counsel representing non-party Pregis Corporation. The content of the September 10, 2003, and May 2, 2013, letters speaks for itself. Sealed Air denies the remaining allegations contained in Paragraph 12 of the Amended Complaint.

13.     Sealed Air denies the allegations contained in Paragraph 13 of the Amended Complaint.

**Asserted Second Claim for Relief**
**Alleged Infringement of the RE '745 Patent**

14.     Sealed Air admits offering for sale or selling the Sealed Air Product, but denies that there has been infringement of the RE '745 patent and otherwise denies the remaining allegations contained in Paragraph 14 of the Amended Complaint.

15.     Sealed Air denies the allegations contained in Paragraph 15 of the Amended Complaint.

16.     Sealed Air denies the allegations contained in Paragraph 16 of the Amended Complaint.

17.     Sealed Air admits that it had actual knowledge of the existence of the RE '745 patent on or about June 21, 2005, and admits offering and selling underlayment products with knowledge of the RE '745 patent on or about that date.  Sealed Air denies that there has been any infringement of the RE '745 patent and otherwise denies the remaining allegations contained in Paragraph 17 of the Amended Complaint.

18.     Sealed Air denies the allegations contained in Paragraph 18 of the Amended Complaint.

19.     Sealed Air denies the allegations contained in Paragraph 19 of the Amended Complaint.

20.     Sealed Air admits that there exists a letter dated May 2, 2013 from outside counsel representing non-party Pregis Corporation.  The content of the May 2, 2013, letter speaks for itself.  Sealed Air denies the remaining allegations contained in Paragraph 20 of the Amended Complaint.

21.     Sealed Air denies the allegations contained in Paragraph 21 of the Amended Complaint.

**Asserted Third Claim for Relief**
**Alleged Infringement of the '705 Patent**

22.     Sealed Air admits offering for sale or selling the Sealed Air Product, but denies that there has been infringement of the '705 patent and otherwise denies the remaining allegations contained in Paragraph 22 of the Amended Complaint.

23.     Sealed Air denies the allegations contained in Paragraph 23 of the Amended Complaint.

24.     Sealed Air denies the allegations contained in Paragraph 24 of the Amended Complaint.

RLF1 9337141v.1

25.     Sealed Air admits that it had actual knowledge of the existence of the '705 patent at least as early as February 2008, and admits offering and selling underlayment products with knowledge of the '705 patent at least as of that date.  Sealed Air denies that there has been any infringement of the '705 patent and otherwise denies the allegations contained in Paragraph 25 of the Amended Complaint.

26.     Sealed Air denies the allegations contained in Paragraph 26 of the Amended Complaint.

27.     Sealed Air denies the allegations contained in Paragraph 27 of the Amended Complaint.

28.     Sealed Air admits that there exists a letter dated May 2, 2013 from outside counsel representing non-party Pregis Corporation.  The content of the May 2, 2013, letter speaks for itself.  Sealed Air denies the remaining allegations contained in Paragraph 28 of the Amended Complaint.

### Prayer for Relief

Sealed Air denies that Pregis is entitled to any of the relief prayed for in the Amended Complaint.

### General Denial

Except as expressly admitted herein, Sealed Air denies each and every allegation contained in the Amended Complaint.

### <u>DEFENSES</u>

Pursuant to Federal Rules of Civil Procedure 8(b) and (c), without assuming any burden that it would not otherwise bear, without reducing or removing Pregis's burdens of proof on its affirmative claims against Sealed Air, without waiving its right to assert additional defenses, and

solely to the extent deemed necessary by the Court to maintain any or all of the following defenses, Sealed Air asserts the following defenses to the Amended Complaint:

### First Defense

Sealed Air does not infringe and has not infringed any valid and enforceable claim of the '803, RE '745, and '705 patents literally, under the doctrine of equivalents, directly, indirectly, contributorily, by way of inducement, and/or via any other mechanism of liability under the Patent Act.

### Second Defense

Each of the claims of the '803, RE '745, and '705 patents is invalid and/or unenforceable for failure to comply with one or more of the conditions of patentability set forth in Part II of Title 35 of the United States Code, including, for example, §§ 102, 103, and 112.

### Third Defense

By reason of the proceedings in the U.S. Patent and Trademark Office during the prosecution of the applications which resulted in the issuance of the '803, RE '745, and '705 patents, Pregis is estopped from claiming infringement by Sealed Air of one or more claims of the '803, RE '745, and '705 patents.

### Fourth Defense

Pregis's claims for damages and other remedies are barred in whole or in part under principles of equity, including laches, estoppel, acquiescence, waiver, and/or unclean hands.

### Fifth Defense

Pregis's claims for damages and other remedies are limited under 35 U.S.C. §§ 286 and 287. Pregis is barred under 35 U.S.C. § 287 from recovering damages prior to the date of the

filing of the Amended Complaint.  Pregis is barred by 35 U.S.C. § 288 from recovering costs associated with this action.

### Sixth Defense

Sealed Air has engaged in all of its activities in good faith, and Pregis cannot prove that this is an exceptional case justifying an award of attorneys' fees against Sealed Air pursuant to 35 U.S.C. § 285.

### Seventh Defense

Pregis is not entitled to injunctive relief because it is not likely to succeed on the merits of its claims, any alleged injury to Pregis is not immediate or irreparable, Pregis has an adequate remedy at law, the balance of hardships between Pregis and Sealed Air does not warrant a remedy in equity, and the public interest would be disserved by an injunction.

### Eighth Defense

Sealed Air reserves any and all rights to amend its Answer and Defenses to Pregis's Amended Complaint and to add additional defenses as they become apparent.

### COUNTERCLAIMS

Sealed Air, for its counterclaims against Pregis, states:

### Parties and Jurisdiction

1.      Sealed Air is a Delaware corporation with a principal place of business at 200 Riverfront Boulevard, Elmwood Park, New Jersey.

2.      On information and belief, and as alleged by Pregis, Pregis is a Delaware corporation with its principal place of business at 1650 Lake Cook Road, Deerfield, Illinois 60015.

7

RLF1 9337141v.1

3.     Subject matter jurisdiction over these counterclaims is proper pursuant to 28 U.S.C. §§ 1331 and 1338 and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

4.     Personal jurisdiction over Pregis is proper because Pregis has submitted itself to the jurisdiction of this Court by, among other things, filing the original Complaint and Amended Complaint.

5.     Venue is proper against Pregis in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

### Background of the Asserted Patents

6.     Application No. 09/405,611 issued as the '803 patent on August 19, 2003.

7.     The '803 patent issued from an application that was a divisional of application No. 08/850,508, which issued as U.S. Patent No. 5,968,630 ("the '630 patent") on October 19, 1999.

8.     The '630 patent issued from an application that was a continuation-in-part of application No. 08/798,632, which issued as U.S. Patent No. 5,952,076 ("the '076 patent") on September 14, 1999.

9.     The '076 patent reissued as the RE '745 patent on June 21, 2005.

10.    Application No. 10/642,938 issued as the '705 patent on May 23, 2006.

11.    The '705 patent issued from an application that was a continuation of the application that issued as the '803 patent.

12.    Pactiv Corporation became the owner by assignment of the '803, RE '745, and '705 patents.

13.    Pactiv Corporation assigned its interest in and to the '803, RE '745, and '705 patents to Pactiv Protective Packaging, Inc.

14.     Pactiv Protective Packaging, Inc. changed its name to Pregis Innovative Packaging Inc. (i.e., "Pregis," the plaintiff named in the Amended Complaint).

15.     Pregis alleges that it is the owner of the '803, RE '745, and '705 patents.

16.     On information and belief, Pregis holds all right, title, and interest in and to the '803, RE '745, and '705 patents.

**Communications Between Pregis/Pregis's Predecessor in Interest and Sealed Air**

17.     In a letter to Sealed Air dated April 29, 2002 (Exhibit A), Pregis's predecessor in interest stated that Sealed Air's "flooring underlayment" may infringe the '076 patent and the '630 patent.

18.     In a letter to Sealed Air dated September 9, 2002 (Exhibit B), Pregis's predecessor in interest stated that it had obtained and analyzed a sample of a Sealed Air underlayment product and asked that Sealed Air investigate whether any "current" underlayment products infringe the '076 or '630 patents.

19.     On December 17, 2002, representatives of both Pregis's predecessor in interest and Sealed Air met and discussed the '076 and '630 patents and the potential for a licensing arrangement.

20.     In a letter to Sealed Air dated December 18, 2002 (Exhibit C), Pregis's predecessor in interest stated that a reissue proceeding as to one of its patents was almost complete.

21.     The reference to a reissue proceeding in the letter dated December 18, 2002 (Exhibit C) was a reference to a reissue proceeding for the '076 patent, which reissued as the RE '745 patent.

22.     In an email to Sealed Air dated January 20, 2003 (Exhibit D), Pregis's predecessor in interest stated that it had a pending patent application covering a product "with tape."

23.     The reference to a pending patent application covering a product "with tape" in the email dated January 20, 2003 (Exhibit D) was a reference to patent application No. 09/405,611, which later issued as the '803 patent.

24.     In a letter to Sealed Air dated September 10, 2003 (Exhibit E), Pregis's predecessor in interest advised Sealed Air of the '803 patent "covering a laminate film-foam flooring composition."

25.     In the letter dated September 10, 2003, Pregis's predecessor in interest further identified three pending patent applications, including a "third application [that] has not been published yet, but is a continuation of U.S. Patent No. 6,607,803 B2, and relates to a method of installing a wood floor using a foam-film laminate" (Exhibit E).

26.     The reference to an application that "relates to a method of installing a wood floor using a foam-film laminate" in the letter dated September 10, 2003 (Exhibit E) was a reference to application No. 10/642,938, which later issued as the '705 patent.

27.     In the letter dated September 10, 2003 (Exhibit E), Pregis's predecessor in interest requested that Sealed Air "promptly review its product offerings to ensure that no manufacture, sale and/or use of Sealed Air Corporation's products has infringed or will infringe any of" the '803, '076, and '630 patents.

28.     In a letter to Pregis's predecessor in interest dated October 15, 2003 (Exhibit F), Sealed Air stated that Sealed Air had reviewed its product offerings.

29.    In the letter to Pregis's predecessor in interest dated October 15, 2003 (Exhibit F), Sealed Air stated that it had concluded that "none of the products manufactured, sold, and/or used by Sealed Air Corporation infringe any of the patents" referenced in the September 10, 2003 letter (Exhibit E).

30.    After October 15, 2003, neither Pregis nor any of Pregis's predecessors in interest had any further written communications with Sealed Air regarding the '803, RE '745, and '705 patents until Pregis's letter dated May 2, 2013.

### Additional Factual Allegations

31.    Pak-Lite, Inc. ("Pak-Lite") is or has been an authorized distributor of Pregis's flooring underlayment products (see Exhibit G).

32.    Pak-Lite is or has been a nonexclusive licensee under the '803, RE '745, and '705 patents.

33.    Crownhill LTD ("Crownhill") is or has been an authorized distributor of Pregis's flooring underlayment products (see Exhibit H).

34.    Crownhill is or has been a nonexclusive licensee under the '803, RE '745, and '705 patents.

35.    Diversified Foam is or has been an authorized distributor of Pregis's flooring underlayment products (see Exhibit H).

36.    Diversified Foam is or has been a nonexclusive licensee under the '803, RE '745, and '705 patents.

37.    In a letter from Pak-Lite to Tarkett dated October 14, 2008 (Exhibit I), Pak-Lite identified the '803, RE '745, and '705 patents, among others, and asked Tarkett to consider "whether your current line of underlayment products are in conflict with the above patents."

RLF1 9337141v.1

38.     In a letter to Quality Packaging dated January 27, 2009 (Exhibit H), Pregis identified the '803, RE '745, and '705 patents, among others, and proposed "to discuss further whether you or your customers may be in jeopardy of violating Pregis patents with respect to underflooring products that are purchased from parties other than our authorized distributors."

39.     In a letter to Tarkett dated June 23, 2010 (Exhibit J), Pregis identified the '803, RE '745, and '705 patents, among others, and proposed "to discuss whether you or your customers may be in jeopardy of violating Pregis patents with respect to underlayment products that are purchased from parties other than our authorized distributors."

40.     During 2008, 2009, and 2010, Pregis did not communicate verbally with Sealed Air regarding the '803, RE '745, and '705 patents.

41.     During 2008, 2009, and 2010, Pregis did not send any correspondence to Sealed Air regarding the '803, RE '745, and '705 patents.

42.     Pregis had knowledge of Sealed Air's manufacture, sale, and offer for sale of underlayment products, which Pregis contends infringe the '803 patent, as of the date the '803 patent issued, August 19, 2003.

43.     To the extent that Pregis did not have knowledge of Sealed Air's manufacture, sale, and offer for sale of underlayment products as of the date the '803 patent issued, Pregis had knowledge of Sealed Air's manufacture, sale, and offer for sale of underlayment products as of September 10, 2003 (see Exhibit E).

44.     Pregis had knowledge of Sealed Air's manufacture, sale, and offer for sale of underlayment products, which Pregis contends infringe the RE '745 patent, as of the date the RE '745 patent issued, June 21, 2005.

45.     Pregis had knowledge of Sealed Air's manufacture, sale, and offer for sale of underlayment products, which Pregis contends infringe the '705 patent, as of the date the '705 patent issued, May 23, 2006.

46.     Between August 19, 2003, and the filing of the original Complaint on June 16, 2013, and the Amended Complaint on July 31, 2013, Sealed Air invested substantial time, effort, and resources in developing its underlayment products, including the Sealed Air Product.

47.     At or around August/September 2003, Sealed Air's sales of its underlayment products were insignificant.

48.     Thereafter, having not received any further communications from Pregis, and in reliance thereon, Sealed Air increased its sales of its underlayment products.

49.     In the 2008-2009 timeframe, having not received any further communications from Pregis, and in reliance thereon, Sealed Air re-launched its underlayment product line, increasing sales thereof.

50.     In 2012, having not received any further communications from Pregis, and in reliance thereon, Sealed Air entered into an agreement with a new customer for its underlayment products involving substantial sales thereof.

51.     Many of the Sealed Air employees involved in communications with Pregis's predecessor in interest and/or involved in decision-making processes concerning Sealed Air's underlayment products are no longer employed with Sealed Air.

52.     Due to Pregis's silence as to Sealed Air from September 10, 2003 until May 2, 2013, certain physical and electronic documentary records relating to either the subject matter of Pregis's Amended Complaint or the claims and defenses asserted herein are no longer available.

RLF1 9337141v.1

53.     In the Amended Complaint, Pregis alleges that Sealed Air has been and is now infringing claims of the '803, RE '745, and '705 patents.

54.     On information and belief, Pregis filed the Complaint and Amended Complaint in this action against Sealed Air knowing, or at a time when it should have known, that the claims of the '803, RE '745, and '705 patents are invalid.

55.     On information and belief, Pregis filed the Complaint and Amended Complaint in this action against Sealed Air knowing, or at a time when it should have known, that Sealed Air has not infringed and does not infringe any valid and enforceable claim of the '803, RE '745, and '705 patents.

56.     This case, therefore, is an exceptional case under 35 U.S.C. § 285, and Sealed Air is entitled to recover attorneys' fees and costs associated with defending this action.

**FIRST CLAIM FOR RELIEF**
**(Declaratory Judgment of Laches)**

57.     Sealed Air incorporates the allegations set forth in Paragraphs 1-56 as if fully restated herein.

58.     Pregis's unreasonable and inexcusable delay in bringing suit has caused prejudice to Sealed Air.

59.     Pregis is barred from recovering damages prior to the date of the filing of the Complaint (as to the '803 patent) and prior to the date of the filing of the Amended Complaint (as to the RE '745 and '705 patents).

60.     A justiciable controversy exists as to whether the claims of the '803, RE '745, and '705 patents are unenforceable or otherwise limited due to laches.

61.     Sealed Air is entitled to judgment declaring that Pregis is barred from recovering damages prior to the date of the filing of the Complaint and Amended Complaint due to laches.

## SECOND CLAIM FOR RELIEF
### (Declaratory Judgment of Estoppel)

62.     Sealed Air incorporates the allegations set forth in Paragraphs 1-61 as if fully restated herein.

63.     Pregis's conduct led Sealed Air reasonably to infer and believe that Pregis did not intend to enforce the '803, RE '745, or '705 patents as to Sealed Air.

64.     Sealed Air relied on Pregis's conduct, and Pregis's conduct will cause Sealed Air material prejudice if Pregis is allowed to go forward with the claims set forth in the Amended Complaint.

65.     Pregis is barred from enforcing the '803, RE '745, and '705 patents against Sealed Air.

66.     A justiciable controversy exists as to whether the claims of the '803, RE '745, and '705 patents are unenforceable due to estoppel.

67.     Sealed Air is entitled to a judgment declaring that the claims of the '803, RE '745, and '705 patents are unenforceable due to estoppel.

68.     Sealed Air is entitled to judgment declaring that Pregis is barred from recovering damages due to estoppel.


## THIRD CLAIM FOR RELIEF
### (Declaratory Judgment of Noninfringement of the '803 Patent)

69.     Sealed Air incorporates the allegations set forth in Paragraphs 1-56 as if fully restated herein.

70.     Sealed Air has not and is not now infringing, inducing the infringement of, or contributing to the infringement of any valid and enforceable claim of the '803 patent.

RLF1 9337141v.1

71.     A justiciable controversy exists as to whether Sealed Air has infringed any valid and enforceable claim of the '803 patent.

72.     Sealed Air is entitled to a judgment declaring that Sealed Air has not directly or indirectly infringed, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '803 patent.

### FOURTH CLAIM FOR RELIEF
### (Declaratory Judgment of Noninfringement of the RE '745 Patent)

73.     Sealed Air incorporates the allegations set forth in Paragraphs 1-56 as if fully restated herein.

74.     Sealed Air has not and is not now infringing, inducing the infringement of, or contributing to the infringement of any valid and enforceable claim of the RE '745 patent.

75.     A justiciable controversy exists as to whether Sealed Air has infringed any valid and enforceable claim of the RE '745 patent.

76.     Sealed Air is entitled to a judgment declaring that Sealed Air has not directly or indirectly infringed, either literally or under the doctrine of equivalents, any valid and enforceable claim of the RE '745 patent.

### FIFTH CLAIM FOR RELIEF
### (Declaratory Judgment of Noninfringement of the '705 Patent)

77.     Sealed Air incorporates the allegations set forth in Paragraphs 1-56 as if fully restated herein.

78.     Sealed Air has not and is not now infringing, inducing the infringement of, or contributing to the infringement of any valid and enforceable claim of the '705 patent.

79.     A justiciable controversy exists as to whether Sealed Air has infringed any valid and enforceable claim of the '705 patent.

RLF1 9337141v.1

80.     Sealed Air is entitled to a judgment declaring that Sealed Air has not directly or indirectly infringed, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '705 patent.

### SIXTH CLAIM FOR RELIEF
### (Declaratory Judgment of Invalidity of the '803 Patent)

81.     Sealed Air incorporates the allegations set forth in Paragraphs 1-56 as if fully restated herein.

82.     The claims of the '803 patent are invalid in view of the prior art and/or for failure to comply with one or more of the requirements of the United States Patent Act set out in 35 U.S.C. §§ 101, et seq., including without limitation §§ 102, 103, and 112.

83.     A justiciable controversy exists as to whether the claims of the '803 patent asserted against Sealed Air are invalid.

84.     Sealed Air is entitled to judgment declaring that the claims of the '803 patent are invalid in view of the prior art and/or for failure to comply with one or more of the requirements of the United States Patent Act set out in 35 U.S.C. §§ 1, *et seq.*, including without limitation 35 U.S.C. §§ 102, 103, and 112.

### SEVENTH CLAIM FOR RELIEF
### (Declaratory Judgment of Invalidity of the RE '745 Patent)

85.     Sealed Air incorporates the allegations set forth in Paragraphs 1-56 as if fully restated herein.

86.     The claims of the RE '745 patent are invalid in view of the prior art and/or for failure to comply with one or more of the requirements of the United States Patent Act set out in 35 U.S.C. §§ 101, et seq., including without limitation §§ 102, 103, and 112.

87.     A justiciable controversy exists as to whether the claims of the RE '745 patent asserted against Sealed Air are invalid.

88.     Sealed Air is entitled to judgment declaring that the claims of the RE '745 patent are invalid in view of the prior art and/or for failure to comply with one or more of the requirements of the United States Patent Act set out in 35 U.S.C. §§ 1, *et seq.*, including without limitation 35 U.S.C. §§ 102, 103, and 112.

### EIGHTH CLAIM FOR RELIEF
### (Declaratory Judgment of Invalidity of the '705 Patent)

89.     Sealed Air incorporates the allegations set forth in Paragraphs 1-56 as if fully restated herein.

90.     The claims of the '705 patent are invalid in view of the prior art and/or for failure to comply with one or more of the requirements of the United States Patent Act set out in 35 U.S.C. §§ 101, et seq., including without limitation §§ 102, 103, and 112.

91.     A justiciable controversy exists as to whether the claims of the '705 patent asserted against Sealed Air are invalid.

92.     Sealed Air is entitled to judgment declaring that the claims of the '705 patent are invalid in view of the prior art and/or for failure to comply with one or more of the requirements of the United States Patent Act set out in 35 U.S.C. §§ 1, *et seq.*, including without limitation 35 U.S.C. §§ 102, 103, and 112.

### PRAYER FOR RELIEF

Wherefore, Sealed Air respectfully prays that judgment be entered against Pregis, and that judgment be entered in favor of Sealed Air, as follows:

    a.     Enter judgment dismissing the Amended Complaint with prejudice and denying all relief to Pregis;

RLF1 9337141v.1

b. Declare that Sealed Air has not previously, and is not currently, infringing, inducing the infringement of, or contributorily infringing any valid and enforceable claim of the '803, RE '745, and '705 patents;

c. Declare that Pregis is barred from recovering damages before the filing of the original Complaint under the '803 patent and Amended Complaint under the RE '745 and '705 patents due to laches;

d. Declare that the claims of the '803, RE '745, and '705 patents are unenforceable due to estoppel;

e. Declare that the claims of the '803, RE '745, and '705 patents are invalid;

f. Preliminarily and permanently enjoin Pregis, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice by personal service or otherwise, from asserting or threatening to assert against Sealed Air, customers or potential customers of Sealed Air, or users of Sealed Air's products and services, any charge of infringement of the '803, RE '745, and '705 patents;

g. Declare this case to be exceptional case under 35 U.S.C. § 285;

h. Award Sealed Air its costs and attorneys' fees; and

i. Grant Sealed Air such other and further relief as this Court deems equitable and just.

## DEMAND FOR A JURY TRIAL

Sealed Air hereby demands a jury trial on all issues so triable.

Of Counsel:

Frank G. Smith, III (*Pro Hac Vice*)
Alston & Bird LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
404-881-7000
frank.smith@alston.com

Kirk T. Bradley (*Pro Hac Vice*)
Jason A. Friday (*Pro Hac Vice*)
Linda Chang (*Pro Hac Vice*)
ALSTON & BIRD LLP
101 S. Tryon Street, Suite 4000
Charlotte, NC 28280
Phone: 704-444-1030
Fax: 704-444-1730
kirk.bradley@alston.com
jason.friday@alston.com
linda.chang@alston.com

Dated:  September 6, 2013

*/s/ Kelly E. Farnan*
Frederick L. Cottrell, III (#2555)
Kelly E. Farnan (#4395)
Travis S. Hunter (#5350)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
302-651-7700
cottrell@rlf.com
farnan@rlf.com
hunter@rlf.com
*Attorneys for Defendant Sealed Air*
*Corporation*