# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware  19899-1347

──────

(302) 658-9200
(302) 658-3989 FAX

Mary B. Graham
(302) 351-9199
mgraham@mnat.com

December 10, 2013

**BY ELECTRONIC FILING**

The Honorable Leonard P. Stark
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street, Room 6124, Unit 26
Wilmington, DE 19801-3556

Re:   *Pregis Innovative Packaging Inc. v. Sealed Air Corp.*,
C.A. No. 13-1084 (LPS)

Dear Judge Stark:

We write as counsel for plaintiff Pregis Innovative Packaging Inc. ("Pregis") with respect to the discovery dispute to be heard on December 17 at 10:45 am: whether a Protective Order entered in this case should prohibit use of discovery materials in parallel *inter partes* review (IPR) proceedings that defendant Sealed Air Corp. ("Sealed Air') commenced on September 6, 2013.

For the reasons set forth below, it is Pregis's position that any Protective Order entered in this action should *not* prohibit *either* party from proffering discovery materials in parallel IPR proceedings. Accompanying this letter as Exhibit 1 is a proposed Protective Order that Pregis requests be entered in this case. Attached as Exhibit 2 is a redline showing the differences between Pregis's proposed order against the most recent order sent by Sealed Air.

**Factual Background**

As the Court is aware, Pregis and Sealed Air are direct competitors in the business of making and selling film-foam underlayment products. Pregis commenced this action on June 16, 2013, shortly after it learned that a major customer, Home Depot, had replaced Pregis with Sealed Air as a supplier of film-foam underlayment especially adapted for use in making flooring systems and performing methods claimed in Pregis patents. The Court has set an expedited pretrial schedule and firm trial date of April 27, 2015, in view of the parties' directly competitive business relationship.

The Honorable Leonard P. Stark
December 10, 2013
Page 2

In its amended complaint filed July 31, 2013, Pregis alleges that Sealed Air has infringed three Pregis patents entitled Laminate Film-Foam Flooring Composition (the "Patents-in-Suit"). On September 6, 2013, Sealed Air filed an answer to Pregis's amended complaint and counterclaimed for judgment declaring that the Patents-in-Suit were invalid on various grounds, including that prior art allegedly rendered the Patents-in-Suit invalid under 35 U.S.C. § 103.

Concurrently with the service of its answer and counterclaim, Sealed Air filed five (5) petitions with the United States Patent and Trademark Office ("USPTO") seeking *inter partes* review (IPR) of all 120 claims in each of the three Patents-in-Suit under 35 U.S.C. §§ 311–319. Sealed Air's IPR petitions in the USPTO raise invalidity challenges that are identical to certain invalidity defenses that Sealed Air has raise in this case, namely, that prior art allegedly renders the Patents-in-Suit invalid under 35 U.S.C. § 103.

**The Protective Order Dispute**

On October 18, 2013, Sealed Air proposed a form of Protective Order that would prohibit use of discovery materials in parallel IPR proceedings. Pregis objected to this proposed restriction and counter-proposed a form of Protective Order that would not prohibit use of discovery materials in parallel IPR proceedings.

The issue before the Court, therefore, is whether a Protective Order in this case should prohibit use of discovery materials in aid of parallel IPR proceedings where Sealed Air is seeking to litigate the merits of certain of its defenses to Pregis's claims in this action. Pregis submits that no such prohibition should be issued.

The purpose of a Protective Order is "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). None of these terms fairly describes use of discovery materials in aid of a parallel proceeding that a defendant commences after being sued for patent infringement.

Discovery is proceeding in this case, including with respect to "commercial success, long felt but unsolved needs, failure of others, etc." *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 406 (2007) (quoting *Graham v. John Deere Co.*, 383 U.S. 1, 17 (1966)). The issue is not whether discovery of evidence relevant to Sealed Air's asserted invalidity defenses should occur at all, but whether *use* of *discoverable* evidence relevant to those defenses will be restricted to just one of the two fora where Sealed Air is simultaneously attacking the validity of the Patents-in-Suit.

Sealed Air has presented no legitimate basis for the Protective Order restriction it seeks. Under 37 C.F.R. § 42.54, discovery materials in IPR proceedings is permitted to be filed under seal in the USPTO. Sealed Air has not even argued that the proposed restriction is necessary to ensure the confidentiality of discovery materials.

Sealed Air has asserted that the discovery permitted in IPR proceedings is narrower than the discovery permitted in an infringement case such as this. Sealed Air's assertion may be correct, but it hardly follows that discovery materials *produced* in this case should be rendered

The Honorable Leonard P. Stark
December 10, 2013
Page 3

*unavailable* for *potential* use in parallel IPR proceedings raising issues identical to those raised in this infringement case.

The Protective Order proposed by Pregis would not affect the scope, timetable, or conduct of any IPR proceedings.  The Protective Order would merely leave the parties free to *proffer* to the USPTO, for whatever probative value the USPTO might deem it to have, evidence obtained in discovery in this case.

If the Court were to impose the prohibition that Sealed Air seeks, the inevitable result would be to hamper Pregis from presenting a complete defense of the Patents-in-Suit in parallel IPR proceedings.  At best, the prohibition would result in wasteful duplication of discovery efforts and multi-front litigation of discovery disputes in this Court and before the USPTO, with neither forum having complete control over the matter.

Sealed Air has cited no case, and the undersigned is aware of none, in which a Protective Order has been issued to prohibit use of discovery materials in aid of a parallel proceeding between the same parties involving the same issues.  Even where, unlike here, complete strangers to a case seek access to discovery materials for use in parallel litigation, courts have repeatedly recognized that: "Allowing the fruits of one litigation to facilitate preparation in other cases advances the interests of judicial economy by avoiding the wasteful duplication of discovery.  *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003).  *See also Wolhar v. General Motors Corp.*, 712 A.2d 464, 469 (Del. Super. 1997) ("In circumstances where . . . parties seek modification of a protective order to avoid duplicative discovery, courts have further held that such modification can be denied only where it would tangibly prejudice substantial rights of the party opposing modification.").

In sum, the Protective Order prohibition sought by Sealed Air is without justification in law or fact.  Insofar as discovery produced in this case is relevant to the invalidity defenses that Sealed Air has raised in this case and in parallel USPTO proceedings, that discovery should be available for potential use in both proceedings.

Pregis submits that its proposed Protective Order should be entered.

Respectfully,

*/s/ Mary B. Graham*

Mary B. Graham (#2256)

MBG/dam
Enclosures
cc:    Frederick L. Cottrell III, Esq. (by email)
       Kelly E. Farnan, Esq. (by email)
       Frank G. Smith III, Esq. (by email)
       James W. Dabney (by email)