Kelly E. Farnan
302-651-7705
Farnan@rlf.com

December 11, 2013

**BY CM/ECF**
The Honorable Leonard P. Stark
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, DE  19801

      Re:    *Pregis Innovative Packaging Inc. v. Sealed Air Corp.*,
               C.A. No. 13-1084 (LPS)

Dear Judge Stark:

      We are counsel for Defendant Sealed Air Corporation, and we write in response to yesterday's letter from counsel for Plaintiff Pregis Innovative Packaging Inc. ("Pregis") concerning a dispute over the scope of the protective order to be entered in this case. D.I. 33.

      Respectfully, Pregis' recitation of the issue to be resolved by the Court does not fairly characterize the parties' dispute.  The issue is not whether the protective order should "*prohibit* use of discovery materials in parallel *inter partes* review (IPR) proceedings."  D.I. 33 p. 1 (emphasis added).  No party's proposal would prohibit such use.  Instead, the issue is whether the protective order should, as Pregis asserts, provide advance authorization for any and all discovery obtained in this litigation to be usable in the IPR proceedings.  Such a carte blanche advance directive should be rejected, because it improperly circumvents USPTO rules and regulations that govern the scope of discovery in IPR proceedings.

I.      **The Scope of the Parties' Dispute Is Focused**

      Yesterday, upon our receipt of Pregis' letter to Your Honor, the parties revisited the scope of the instant dispute, since Exhibits 1 and 2 to Pregis' letter indicate a number of differences in the parties' protective order proposals, including differences beyond the focused IPR issue noted above.  (Sealed Air's proposal is attached hereto as Exhibit A.)  We can report that the parties have confidence they can resolve the additional differences without the Court's involvement.  Thus, the only issue to be addressed and resolved by the Court is whether the protective order should authorize use in the IPR proceedings of any and all discovery materials produced in this litigation.  Once the Court resolves this focused issue, the parties will work together to finalize a protective order for consideration and entry by the Court.

The Honorable Leonard P. Stark
December 11, 2013
Page 2

## II. The Protective Order Should Not, and Cannot Properly, Authorize Use in the IPR Proceedings of All Discovery Obtained in This Litigation

### A. Pregis Misstates Sealed Air's Position

Pregis incorrectly characterizes Sealed Air's position as: "discovery materials *produced* in this case should be rendered *unavailable* for *potential* use in parallel IPR proceedings." D.I. 33, pp. 2-3 (emphasis in original). To the contrary, Sealed Air contends that discovery in this case should not automatically be imported wholesale into the IPR proceedings. The parties should instead work together in good faith, on a case-by-case basis, to resolve any requests to use litigation-based discovery in the parallel IPR proceedings. Sealed Air explained its position to Pregis in a letter dated November 13, 2013 (attached as Exhibit B), stating:

> Sealed Air does not believe that Pregis' proposal that all discovery in the district court litigation be made available for use in the I.P.R. proceedings is appropriate. . . . However, to the extent that Pregis wishes to utilize specific discovery taken in the district court litigation in the I.P.R. proceedings, Sealed Air will consider such requests on a case-by-case basis. We trust that Pregis will extend the same courtesy to Sealed Air should Sealed Air wish to use specific discovery taken in the district court litigation in the I.P.R. proceedings.

### B. Pregis' Proposal Would Circumvent USPTO Rules and Regulations Governing IPR Proceedings

Pregis argues that discovery materials produced in the current litigation should be equally usable in both this lawsuit and in the IPR proceedings. *See, e.g.*, D.I. 33, Exhibit 2, ¶ III.B (proposed protective order indicating that "Designated Materials shall be used solely for purposes of and in connection with (i) this Lawsuit and (ii) any [IPR] proceedings" initiated by Sealed Air). However, a protective order allowing all materials produced in this litigation to be made available in the IPR proceedings is not appropriate in view of the limited discovery allowed in IPR proceedings.

The USPTO Patent Trial and Appeal Board ("PTAB"), which handles IPR petitions, has explained that discovery in IPR proceedings is "significantly different from the scope of discovery generally available under the Federal Rules of Civil Procedure." *Garmin Int'l Inc. v. Cuozzo Speed Techs. LLC*, IPR2012-00001, Paper No. 26, p. 5 (PTAB Mar. 5, 2013) (attached as Exhibit C). Congress gave the Director of the USPTO authority to prescribe regulations "setting forth standards and procedures for discovery of relevant evidence" in IPR proceedings. 35 U.S.C. § 316(a)(5). Notably, "[t]he Office [chose] not to adopt the Federal Rules of Civil Procedure on discovery given . . . the goal of providing a quicker, less costly alternative to Federal District Court litigation." Final Rule, 77 Fed. Reg. 48642; *see also Bloomberg Inc. v. Markets-Alert Pty Ltd.*, CBM2013-00005, Paper No. 32 at 2 (PTAB, May 29, 2013) (stating that "there is a strong public policy to limit discovery in administrative trial proceedings, as opposed to the practice in district court patent litigations that have broad discovery") (attached as Exhibit

The Honorable Leonard P. Stark
December 11, 2013
Page 3

D).  These goals and constraints are considered when deciding "[w]hat constitutes permissible discovery."  IPR2012-00001, Paper No. 26, p. 6.

The applicable rules in the Code of Federal Regulations limit discovery in IPR proceedings to "any exhibit cited in a paper or in testimony" and to "[c]ross examination of affidavit testimony."  37 C.F.R. § 42.51(b)(1).  Any other discovery is not available, unless the parties agree to it or the PTAB determines that the discovery is "in the interests of justice."  37 C.F.R. § 42.51(b)(2).  Sealed Air will consider on a case-by-case basis any requests to use litigation-based discovery in the IPR proceedings, but it would be inappropriate to require the parties to commit now that *all* litigation-based discovery may be used in the IPR proceedings.  Moreover, when not agreed to by the parties, it appears that any decision to deviate from the established scope of discovery in IPR proceedings rests exclusively with the PTAB.  *See id.*

Pregis specifically states that discovery in this case will include information relevant to secondary considerations of nonobviousness and argues that this discovery should be automatically and equally available for use in the IPRs.  D.I. 33, p. 2.  Such a position underscores the impropriety of the relief sought by Pregis, since the PTAB has in prior rulings rejected discovery requests directed to secondary considerations.  *See* IPR2012-00001, Paper No. 26, at p. 14 (ruling that patent owner had not "adequately explained why it needs [petitioner's] views to establish . . . long-felt but unresolved need" and that patent owner could conduct its own studies); *Microsoft Corp. v. Proxyconn, Inc.*, IPR2012-00026, 2013-00109, Paper No. 32 (PTAB Mar. 8, 2013) (denying patent owner's motion for "commercial success" discovery) (attached as Exhibit E).  A party should not be able automatically to use this litigation to acquire evidence for use in the IPR proceedings, particularly when the evidence would not be obtainable via the IPR process.

Further, Pregis argues that if its proposal is denied, it will be hampered in presenting its defense in the IPR proceedings, and there would be wasteful duplication of discovery.  In that regard, however, Pregis is in no different position than any other patent owner involved in IPR proceedings, *i.e.*, Pregis' proof before the PTAB is controlled by that body's rules, not the Federal Rules.  Further, there would be no duplication of discovery.  If Pregis wishes to utilize specific discovery from the district court litigation in the IPR proceedings and that information is normally discoverable in the PTAB, *see* 37 C.F.R. § 42.51(b)(1), then Sealed Air will not require Pregis to re-do it.

In sum, the Court should reject Pregis' proposal.  Pregis acknowledges that discovery permitted in IPR proceedings is narrower than discovery permitted in district court litigation, Pregis Letter, pp. 2-3, but nonetheless asks this Court to decide now, without agreement of Sealed Air or an appropriate determination by the PTAB, that the scope of discovery is equal in both fora.  The Court should reject this proposal and allow the parties to address such issues in good faith on a case-by-case basis.  We look forward to discussing this issue with Your Honor during the December 17, 2013, teleconference at 10:45 a.m.

The Honorable Leonard P. Stark
December 11, 2013
Page 4

                                                             Respectfully,

                                                             */s/ Kelly E. Farnan*

KEF/lll                                                     Kelly E. Farnan (#4395)
Enclosures
cc:     Counsel of Record (By E-mail)