# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

(302) 658-9200
(302) 658-3989 FAX

**Mary B. Graham**
(302) 351-9199
mgraham@mnat.com

December 13, 2013

**BY ELECTRONIC FILING**

The Honorable Leonard P. Stark
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street, Room 6124, Unit 26
Wilmington, DE 19801-3556

      Re:    *Pregis Innovative Packaging Inc. v. Sealed Air Corp.*,
              C.A. No. 13-1084 (LPS)

Dear Judge Stark:

      Sealed Air's letter of December 11 (D.I. 34) seeks entry of its form of Protective Order (Ex. A to D.I. 34). Under the Court's Order setting the teleconference, Sealed Air as a party seeking relief was to have filed its letter on December 10. Had Sealed Air done so, Pregis would then have been permitted under the Court's Order to file a response on December 11 to the arguments in Sealed Air's letter in support of its requested relief. For that reason, Pregis asks that the Court consider this letter in response to Sealed Air's letter.[1]

### The Issue To Be Decided

      Sealed Air seeks a Protective Order that "Discovery Materials shall be used solely for purposes of and in connection with this Lawsuit." D.I. 34 Ex. A at 4 § III(B). By this provision Sealed Air avowedly asks the Court to prohibit Pregis from proffering discovery obtained in this action to the USPTO in aid of parallel IPR proceedings involving the same parties and overlapping validity issues. Sealed Air cites no case—not one—in which a federal court has *ever* held that Rule 26(c) authorizes issuance of a "Protective Order" to prohibit the *proffer* of

---

[1] Sealed Air opposes this request on the grounds that: "Sealed Air has not asked the Court for any relief. Rather, [Sealed Air] opposed Pregis' request for an addition to an otherwise largely agreed-upon and standard protective order—an addition that would permit all litigation-based discovery materials to be useable in the IPRs pending in the Patent Office." Sealed Air's opposition has no merit as Sealed Air is, in fact, seeking relief in the form of a Protective Order pursuant to Rule 26(c) to prevent use of discovery in parallel IPR proceedings. If no Protective Order were entered, the parties would be free to use all discovery in the IPRs.

The Honorable Leonard P. Stark
December 13, 2013
Page 2

discovery material to a second tribunal hearing a parallel adjudicative proceeding involving the same parties and issues.

Sealed Air asserts: "to the extent that Pregis wishes to utilize specific discovery taken in the district court litigation in the I.P.R. proceedings, Sealed Air will consider such requests on a case-by-case basis." D.I. 34 at 2. But far from justifying the restriction that Sealed Air seeks, the quoted assertion dramatically demonstrates the opposite: Sealed Air asks to be granted the power to decide what evidence may be proffered against it in a parallel adjudicative proceeding, contrary to the ancient maxim that: "[n]o man is allowed to be a judge in his own cause." *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 876 (2009) (quoting The Federalist No. 10, p. 59 (J. Cooke ed. 1961) (J. Madison)).

Sealed Air's proposal to set itself up as the judge of what evidence may be proffered against it in parallel IPR proceedings exposes the emptiness of Sealed Air's suggestion that the use restriction it seeks is somehow grounded in limits that the USPTO may place on discovery obtainable in IPR proceedings. In fact, the issue raised by § III.B of Sealed Air's proposed Protective Order (and obviated by § III.B of Pregis's proposed Protective Order) has nothing to do with what discovery the USPTO may or may not require a litigant in an IPR proceeding to provide. The issue, rather, is whether this Court should grant Sealed Air the right to dictate what evidence *already discovered* in *this case* may be *proffered* by Pregis in parallel IPR proceedings.

Discovery in this case is proceeding and will proceed regardless of any parallel discovery proceedings that may or may not occur in parallel IPR proceedings. Insofar as Sealed Air asserts that it may have some right to object to discovery that Pregis might (or might not) hereafter seek in parallel IPR proceedings, the Protective Order entered in this case will no bearing or effect on any such putative future objections. The Protective Order entered in this case will also have no bearing or effect on what evidence the USPTO may or may not choose to receive during the trial of any IPR proceeding that may occur hereafter.

The sole and narrow issue before the Court is whether § III.B of Sealed Air's proposed Protective order (prohibiting use of discovery except in this Delaware action), or § III.B of Pregis's proposed Protective Order (prohibiting use of discovery except in this Delaware action or in parallel IPR proceedings), should be adopted. Sealed Air has presented no valid justification for the restriction it seeks.

Respectfully,

*/s/ Mary B. Graham*

Mary B. Graham (#2256)

MBG/dam
cc:   Frederick L. Cottrell III, Esq. (by email)
      Kelly E. Farnan, Esq. (by email)
      Frank G. Smith III, Esq. (by email)
      James W. Dabney (by email)

7845703